[No. 2497.  Decided April 10, 1897.]

Ė. H. STANLEY, *Respondent*, v. W. W. McGEORGE *et al.*,
*Appellants.*

SCHOOL DISTRICTS — MAINTENANCE OF SCHOOLS — LIMIT OF INDEBTED-
NESS.

Where it appears that the indebtedness of a school district,
including its bonded and warrant indebtedness, exceed the one
and one-half per cent. limitation allowed by the constitution, and
that the bonded indebtedness has not been created under a vote
of the people authorizing the incurring of indebtedness in excess
of such limitation, and that there are no moneys on hand for
school purposes, the directors of the district cannot be compelled
to open and maintain a public school.

Appeal from Superior Court, Clallam County.—Hon.
JAMES G. McCLINTON, Judge.  Reversed.

*George C. Hatch*, for appellants.

*A. C. Cook (Benton Embree*, of counsel), for respon-
dent.

The opinion of the court was delivered by

REAVIS, J.—Respondent filed his affidavit with petition
for a writ of *mandamus* to compel the appellants, as a
board of school directors, to open and maintain for the
period of six months a public school in District No. 7,
Clallam county.

Respondent states that he is a resident and elector in
the district; that he is the father of three children of school
age whom he desires shall attend school in the district,
and that it is his legal duty to send his children to school
and the legal duty of the school board to open and main-
tain a school in the district; that School District No. 7 is
a graded school district in Port Angeles, an incorporated

city; that the school board refuses to open or maintain a session of the public schools in the district for the term of six months in the school year, or to open the schools at all.

The appellants admit all the allegations of the respondent's petition, but for an affirmative defense set up, that School District No. 7 is beyond the limitation of one and one-half per centum indebtedness and there is no cash in the treasury. There are other defenses made by appellants which are unimportant because not sustained by the findings of fact. Appellants have taken no exceptions to the findings of fact made by the superior court, and the case is heard here upon those findings.

It is assumed by both respondent and appellants here that, if the bonded indebtedness outstanding of the district is included within the one and one-half per centum limitation, then the district has incurred debts beyond the constitutional limitation. The only finding upon the nature or origin of the indebtedness evidenced by the bonds outstanding, or the proposition submitted at the bond election, is No. 7, as follows:

"That the total amount of obligations of said district consist of bonds of the district in the amount of $25,500, and warrants of the district outstanding and unpaid in the total amount of sixteen thousand three hundred and thirty-four dollars and seventy cents ($16,334.70), and that there are no other obligations of said district."

It is also found by the court that two elections have been held in the district, in which the question of the authority to incur indebtedness beyond the one and one-half per centum limit for the maintenance of the schools was voted upon, and at each election the majority of the electors voted against the incurrence of any further indebtedness for that purpose. Counsel for respondent maintains that the form of the question submitted to the voters (at

the bond election) and the facts as to the amount of the
then existing indebtedness should be presumed, in sup-
port of the judgment, similar to those in *State, ex rel.
Barton, v. Hopkins,* 14 Wash. 59 (44 Pac. 134, 550).
But this contention cannot be sustained. The findings of
the court are silent upon the very facts which were mate-
rial and given prominence in the case referred to and de-
cided by this court. In *State, ex rel. Barton, v. Hopkins,
supra,* the court said, at page 67:

"At the time these bonds were issued the county was
in debt in an amount exceeding one and one-half per cent.
of the valuation of the property therein, and the question
submitted to the voters was the issuance of bonds of the
county for the purpose of erecting a court house in an
amount which, together with the outstanding indebtedness,
should not exceed five per cent. of the valuation of the
property. From the fact that at the time the question
of the issuance of these bonds was submitted to the voters,
the county was so indebted, and from the fact that the
proposition, if carried, authorized an indebtedness to the
full amount authorized by the constitution, it is claimed
that these bonds do not constitute any part of the one and
one-half per cent. of indebtedness authorized to be in-
curred without a vote of the people; that they constitute
a part of the three and one-half per cent. indebtedness
which could only be incurred after a vote authorizing it.
. . . This being so, the effect of the vote of the people
which authorized the issuance of the bonds in question
must be determined by the intent which was made to
appear by the ratification of the proposition submitted.
This intent must be gathered from the form of the propo-
sition submitted, interpreted in the light of the facts ex-
isting at the time of the submission. From the form of
the submission in question, interpreted in the light of the
fact that the county was then indebted to the full amount
of the one and one-half per cent. authorized without a vote,
it clearly appears that it was the intention that the bonds
to be issued for the special purpose of erecting a court

house should have no relation to the one and one-half per cent. of indebtedness then owing by the county, or which might thereafter be incurred by it within the one and one-half per cent. which it could incur without a vote."

In *Holmes & Bull Furniture Co. v. Hedges,* 13 Wash. 696 (43 Pac. 944), it was held that power to incur indebtedness in the ordinary course of future business could be authorized by a vote of the people unaccompanied by any proposition for the funding of such indebtedness.

The superior court announced as a conclusion of law that the assets of the district, consisting of taxes due and unpaid, exceeded the warrant and all other indebtedness, exclusive of the bonded indebtedness, over $9,000, and entered judgment in favor of the plaintiff and awarded a peremptory *mandamus* against the defendants, commanding them to open and maintain public schools in the district for six months. But, as we have seen, the bonded indebtedness, upon the facts appearing here, is included in the one and one-half per centum limitation and not in the three and one-half per centum additional debt limit, as appeared from the facts in *State, ex rel. Barton, v. Hopkins.*

For this error the cause is reversed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.